55 CCPA

**Application of Wilfred TENNANT.**
**Patent Appeal No. 7840.**

United States Court of Customs
and Patent Appeals.
Dec. 14, 1967.

————◇————

Hill, Sherman, Meroni, Gross & Simpson, Carlton Hill, Chicago, Ill. (Max R. Chambers, Chicago, Ill., of counsel) for appellant.

Joseph Schimmel, Washington, D. C. (Joseph F. Nakamura, Washington, D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and WILLIAM H. KIRKPATRICK.*

WORLEY, Chief Judge.

This appeal is from the decision of the Board of Appeals affirming the examiner's rejection of claims 8–10 in appellant's application [1] for "Porous Adhesive

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Serial No. 266,644, filed March 20, 1963.

Material" as obvious under 35 U.S.C. § 103 [2] in view of a patent to Scholl.[3]

The invention relates to a "breathable" adhesive tape comprising an adhesive-coated backing material having numerous perforations in both the adhesive and backing. The perforations are of such fine size that the tape is vapor porous but liquid impervious. The subject matter is more particularly reflected in claim 10:

> 10. Adhesive material comprising a normally water impervious backing sheet, an adhesive spread on one face of said backing sheet, both said spread and said backing sheet having numerous aligned perforations therein, the adhesive being cured sufficiently so that it will not flow and close the perforations in the adhesive and block the aligned perforations in the backing sheet, the perforations in the adhesive spread each having an area at least as large as the perforation in the backing sheet aligned therewith, the adhesive immediately adjacent each perforation being of a thickness not exceeding the thickness of the adhesive spread elsewhere on the backing sheet, and the perforations in the backing sheet being of such fine size as to afford strong resistance to passage of liquid therethrough, so that said material is vapor porous but substantially water impervious in normal use of the material.

Claim 8 differs from claim 10 in omitting the limitation "the adhesive immediately adjacent each perforation being of a thickness not exceeding the thickness of the adhesive spread elsewhere on the backing sheet," while claim 9 omits the limitation "the perforations in the adhesive spread each having an area at least as large as the perforation in the backing sheet aligned therewith."

Scholl discloses a method and apparatus for making a porous adhesive tape designed "to provide adequate ventilation" when applied to the human body. The tape comprises a backing of thermoplastic or thermosetting plastic film and an adhesive spread on one face of the backing, porosity being provided by "myriad" apertures variously described as "relatively fine" or "relatively minute" perforations. The perforations are formed by passing the adhesive-coated backing over a drum provided with "very fine" needle points shortly after the liquid adhesive is spread thereon. Scholl states:

> * * * Some compositions of adhesive mass may have a tendency to flow somewhat even after application to the tape, and would thus tend to close off the apertures through the mass, especially if those apertures were very fine. To overcome such difficulties with certain compositions of mass, a nozzle * * * is mounted so as to direct a blast of cold air against the adhesive mass contemporaneously with the perforation of the mass by the needle points, thus causing a sufficient setting of the mass to prevent a flow such as would close off the apertures * * *.

As pointed out by the solicitor, the claims specify three features not expressly described by Scholl, relating in general to (1) the size of the perforations in the backing, (2) the area of the perforations in the adhesive, and (3) the thickness of the adhesive around the perforations. It is those features which appellant relies upon here to impart patentability to the claims.

The board succinctly summarized the examiner's position:

> Claims 8, 9, and 10 have been rejected under 35 U.S.C. 103 as obvious from the cited Scholl patent. * * * The Examiner finds nothing unobvious in the perforation size or in the two features quoted in the discussion

---

2. In view of our disposition of the case, it is unnecessary to consider other issues raised in the record.

3. U.S. Patent No. 2,647,065, issued July 28, 1953.

of claims 8 and 9 following the copy of claim 10, supra.

Appellant contends the board erred in finding that Scholl suggests a tape in which the perforations in the backing are of such size as to be water impervious or repellant, observing that the terms "waterproof" or "water impervious" nowhere appear in the Scholl patent. Scholl discloses, however, that the size of the perforations in his tape may be varied, stating that it is desirable to provide "a greater number of finer openings" for the usual form of surgical and medical tape. Moreover, appellant acknowledged below that "anyone skilled in this art is thoroughly appreciative of the size of pores that permit vapor to pass therethrough but not water or some similar liquid" and also that

> * * * In the aforesaid Fuzak patent [No. 3,024,786, entitled "Porous Waterproof Bandage"], vapor porous but liquid impermeable perforations are stated to be generally a few thousandths of an inch in diameter, which is indicative of the fact that the size of such perforations is known to those skilled in the art.[4]

We do not think one of ordinary skill in the art would be unaware of the desirability of avoiding wetting of the wound area under the adhesive tape or the fact that a greater number of fine openings in the apparently waterproof plastic tape backing of Scholl, as suggested by him, would provide greater resistance to the passage of liquids therethrough without materially affecting the vapor porosity of the material. We agree with the board that there is nothing unobvious in the size of the perforations as functionally recited in the claims.

Appellant further contends that the method and apparatus described by Scholl cannot produce a tape having adhesive perforations at least as large in area as the backing perforations or a tape in which the adhesive surrounding the perforations is no thicker than the adhesive spread elsewhere on the backing. In his view, the perforating needles employed by Scholl would draw adhesive into the backing perforations, tending to close them and limit their vapor porosity. According to appellant, an affidavit of one Turkewitsch, either alone or as corroborated by the aforementioned Fuzak patent, clearly establishes that perforated, vapor porous, water impervious adhesive tape could not be manufactured by the machine of the Scholl reference, and the board erred in according insufficient weight to that evidence.

The board was of the opinion that operation of the Scholl process and apparatus "in a judicious manner" would obviously provide a tape in which the adhesive layer possesses the perforation area and thickness recited in the claims. As noted earlier, Scholl describes the use of cold air to set the adhesive after it is spread on the backing and penetrated by the needles for the express purpose of preventing it from flowing and closing the perforations formed upon subsequent withdrawal of the needles. Moreover, Scholl suggests that the perforating needles do not invariably draw adhesive into the apertures, stating:

> Also, *some* compositions of adhesive mass may have a tendency to adhere slightly to the needle points * * * and thus a gradual accumulation of adhesive especially on the trailing sides of the needle points might interfere with the proper puncturing of the tape by these needle points. In order to overcome this difficulty, *should it arise,* a rotary brush * * * is mounted adjacent the drum and driven from the motor * * * by a belt or the equivalent * * * to rotate in a direction opposite to that of the drum. * * * (Emphasis supplied)

4. Those acknowledgments were made in response to an earlier rejection by the examiner under 35 U.S.C. § 112 for failure of appellant's specification to describe the size dimension of backing perforation necessary to render the tape water impervious.

It seems to us that the above observations support the board's position that the relative size of the perforations in the adhesive and backing may reasonably be said to be inherent in, or obvious from, the Scholl patent. With respect to the thickness of the adhesive around the perforations, the board noted that complete penetration of the backing and adhesive by the needles of Scholl's apparatus takes place immediately after the adhesive is deposited on the backing and before any appreciable setting of the adhesive has an opportunity to occur. The board thought it "not at all unlikely that the adhesive mass has leveled off to a uniform thickness" before setting and subsequent withdrawal of the needles. Appellant's arguments do not convince us of error in that position either.

The examiner and board criticized the lack of factual details in the tests reported in the Turkewitsch affidavit, and we need not unduly lengthen this opinion by enumerating the deficiencies here. Suffice to say we agree with their observations, particularly that the affidavit does not appear to incorporate the cooling technique employed by Scholl. Similarly, the Fuzak patent, in stating that "air permeability cannot be obtained simply by perforating the plastic [backing] in the manner indicated [by needle perforation], either before or after providing the plastic with an adhesive surface, since the adhesive tends to flow into and close the perforations," evinces no apparent knowledge or application of the particular disclosure and techniques of Scholl to prevent closing of the perforations.

Our review of the record with due regard for appellant's arguments satisfies us that the board committed no error in sustaining the rejection of the claims. The decision is affirmed.

Affirmed.

KIRKPATRICK, J., concurs in the result.

SMITH, Judge (concurring in result).

The factual differences of record between appellant's invention claimed in claims 8–10, when evaluated in the light of appellant's specification, and the teachings of the Scholl reference, are such that I do not agree with the majority that the claimed invention, considered as a whole, would have been obvious within the meaning of 35 U.S.C. § 103.

However, each of the appealed claims contains the following language:

> * * * the adhesive being cured sufficiently so that it will not flow and close the perforations * * *.

I note that claims 8–10 also were rejected by the examiner on the grounds that appellant's disclosure was insufficient to support the quoted recitation. It appears from the record that appellant and the examiner had tentatively agreed to changes in the terminology of the claims which would have overcome that rejection. Amendments proffered by the appellant which contained the changed terminology were not entered because they raised, in the examiner's view, "new issues." A petition to the Commissioner to enter any one of the proffered amendments was denied.

The board sustained the rejection of the claims on that ground, stating:

> * * * Inasmuch as appellant does not assert any error in the Examiner's position and the language in question remains unchanged, the indicated rejection will be sustained.

Appellant raises no issue here as to the legality of rejecting the claims on the ground of insufficient disclosure. I do not agree, on the present record, with the argument in appellant's brief that this rejection is now a moot question. As the record stands, appellant and the examiner have not reached an agreement concerning the entry of an amendment which is required to avoid this ground of rejection.

Therefore, I would affirm the rejection of claims 8–10 solely for this reason.